IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:22-cr-197 |
| v. | ) | |
| | ) | Count 1: False Statements on Loan Applications (18 U.S.C. § 1014) |
| KIANOOSH JAFARI, | ) | |
| Defendant. | ) | Forfeiture Notice |

## CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

### COUNT 1
(False Statements on Loan Applications)

**Introductory Allegations**

At all times material to this Information, unless otherwise specified below:

1. Defendant KIANOOSH JAFARI (hereinafter "JAFARI" or "Defendant") resided in Ashburn, Virginia, within the Eastern District of Virginia.

2. Kia Construction, LLC is a corporate entity formed in Virginia that JAFARI controlled.

3. Atlantic Union Bank was a bank, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC"). Atlantic Union Bank therefore constituted a "financial institution" for purposes of 18 U.S.C. §§ 20, 1014, 1344.

**The Paycheck Protection Program**

4. In or around March 2020, in response to the economic crisis caused by the novel coronavirus pandemic, the United States Congress passed the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020) ("CARES Act"). Among

1

other things, the CARES Act made government-guaranteed loans available to qualified small businesses through the Paycheck Protection Program ("PPP"). The purpose of loans issued under the PPP was to enable small businesses suffering from the economic downturn to continue to pay salary or wages to their employees.

5. To qualify for a loan under the PPP, an applicant had to meet certain criteria, including, among other things, that it was in operation on February 15, 2020, and either had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on a Form 1099-MISC. Moreover, the amount of the loan that could be approved under the PPP and implementing regulations typically was a function of the applicant's historical payroll costs, consisting of compensation to its employees whose principal place of residence was the United States, subject to certain exclusions.

6. The proceeds of a PPP loan could be used only for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, mortgage interest payments (but not mortgage prepayments or principal payments), rent payments, utility payments, interest payments on debt obligations that were incurred before February 15, 2020, or for refinancing certain specified SBA loans. The proceeds of a PPP loan were not permitted to be used to purchase automobiles, aircraft, personal residences, clothing, jewelry, to pay the borrower's personal federal income taxes, or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

7. From on or about May 14, 2020 and continuing through at least June 18, 2020, in the Eastern District of Virginia and elsewhere,

**KIANOOSH JAFARI,**

and others known and unknown to the United States Attorney did for the purpose of influencing the action of a financial institution, in connection with applications for PPP loans for the entity Kia Construction, LLC, knowingly made false statements and reports to Atlantic Union Bank, in

2

that the defendant, and others aiding and abetting him: (a) overstated annual and quarterly company employee payroll wages paid; (b) overstated annual and quarterly company revenue; (c) overstated the number of employees each company had paid; and (d) provided false, fictitious, and backdated IRS Forms 940 and 941.

(All in violation of Title 18, United States Code, Sections 1014 and 2.)

## Forfeiture Notice

Pursuant to Federal Rule of Criminal Procedure 32.2(a), defendant KIANOOSH JAFARI is hereby notified that, if convicted of making false statements on loan applications as alleged in Count One above, he shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), the following property:

(a) A sum of money not less than $124,982 representing the amount of proceeds the defendant obtained as a result of the violation of Title 18, United States Code, Sections 1014 (Making False Statements on Loan Applications), as described in Count One;

(b) A 2016 Volkswagen Tiguan SUV, VIN: WVGAV7AX9GW612730;

(c) A 2013 Volkswagen Tiguan SUV, VIN: WVGAV3AX4DW607990.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendant KIANOOSH JAFARI shall forfeit substitute property, up to the value of the amount described in subparagraph (a), if, by any act or omission of defendant KIANOOSH JAFARI, the property described in paragraph (a), or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been comingled with other property which cannot be divided without difficulty.

(All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.)

Jessica D. Aber
United States Attorney

By: _____
Russell L. Carlberg
Assistant United States Attorney