

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KIANOOSH JAFARI,<br><br>Defendant. | Case No. 1:22-cr-**197** |

## STATEMENT OF FACTS

The United States and the defendant, KIANOOSH JAFARI (hereinafter, "the defendant" or "JAFARI"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence, all dates being on or about the dates indicated below, and all dollar amounts being approximate:

1. From on or about May 14, 2020 through at least August 26, 2020, in the Eastern District of Virginia and elsewhere, in connection with COVID-19 relief loans applied for in the name of the business entities described below, the defendant did knowingly cause to be submitted to various financial institutions and the Small Business Administration ("SBA") materially false and fraudulent statements and information concerning numbers of employees, quarterly and annual payroll expense, annual revenue, and fictitious IRS tax documents, all in violation of Title 18, United States Code, Section 1014.

2. The defendant resided in Ashburn, Virginia, in the Eastern District of Virginia.

3. Atlantic Union Bank ("AUB") is a financial institution as defined in 18 U.S.C. § 20, and as used in 18 U.S.C. §§ 1014, 1344.

1

4. The defendant controlled legal entities, including: (i) Kia Construction LLC and (ii) Tooth Fary, LLC, both of which were organized under the laws of the Commonwealth of Virginia.

*Kia Construction, LLC – PPP Loan*

5. On May 14, 2020, with the prior knowledge and consent of JAFARI, another individual, Shoughi Darakhshan (who has pleaded guilty to conspiracy in a related case and who is related to JAFARI), submitted a loan application to Atlantic Union Bank for Kia Construction LLC, to attempt to obtain a loan under the Paycheck Protection Program ("PPP"). The loan amount requested was $62,491.50.

6. On this loan application, JAFARI knowingly misrepresented that Kia Construction LLC had three employees and an average monthly payroll of $24,999. JAFARI also falsely represented that Kia Construction LLC had annual sales revenues of $750,000.

7. In truth and in fact, as JAFARI then well knew, Kia Construction had no annual sales revenues and no employees. Although incorporated in 2017, the entity had lapsed and was only reinstated with the Virginia State Corporation Commission on June 17, 2020.

8. In support of the loan application, with the consent and approval of JAFARI, Darakhshan also caused to be submitted to AUB falsified IRS Forms 941, Employer's Quarterly Tax Return, for the last three quarters of 2019. In these forms, JAFARI and Darakhshan falsely represented that Kia Construction LLC had three employees for each quarter and had paid these employees, in aggregate, between $75,148.21 and $81,692.69 in wages each quarter.

9. In truth and in fact, as JAFARI then well knew, these IRS forms had never been filed with the IRS, in spite of the certification otherwise to AUB. Moreover, the forms contained materially false information concerning numbers of employees and wages paid. AUB relied on

the false information submitted by JAFARI and Darakhshan and approved the PPP loan for Kia Construction LLC. On June 18, 2020, JAFARI on behalf of Kia Construction LLC signed a "disbursement request and authorization" form with AUB for the approved loan amount, $62,491.

10. Shortly thereafter, AUB deposited the loan proceeds into a newly opened business bank account ending in 1945, in the name of Kia Construction LLC. JAFARI began spending the PPP money on unauthorized personal expenses, signing multiple checks made out to himself, his wife, and others. He used $3,178 to purchase a riding lawnmower, paid for HVAC repairs to his personal residence, paid for home swimming pool repairs, and made a down payment on a vehicle for his daughter.

*Tooth Fary LLC – PPP Loan*

11. Also on May 14, 2020, with the prior knowledge and consent of JAFARI, Darakhshan submitted a loan application to AUB for Tooth Fary, LLC to attempt to obtain a PPP loan. The loan amount requested was approximately $62,491.50. Although the company was owned by JAFARI's wife, JAFARI was the person who obtained the loan for the company and spent the loan proceeds.

12. On this loan application, JAFARI and Darakhshan knowingly misrepresented that Tooth Fary, LLC had three employees and an average monthly payroll of $24,999. JAFARI also falsely represented that Tooth Fary, LLC had annual sales revenues of $750,000.

13. In support of the loan application, JAFARI and Darakhshan caused to be submitted to AUB falsified IRS Forms 941, Employer's Quarterly Tax Return, for the last three quarters of 2019. In these forms, JAFARI falsely represented that Tooth Fary LLC had three employees for each quarter and had paid these employees, in aggregate, between $93,202.50 and

$95,989.12 in wages each quarter. In truth and in fact, as JAFARI then well knew, Tooth Fary, LLC, did not have three employees and did not pay the quarterly wages indicated on the IRS forms submitted to AUB.

14. On June 1, 2020, JAFARI on behalf of Tooth Fary, LLC signed his wife's signature on a "disbursement request and authorization" form with AUB for the approved loan amount, $62,497.

15. Shortly thereafter, AUB deposited the loan proceeds into a newly opened business bank account ending in 6049, in the name of Tooth Fary, LLC. JAFARI began spending the PPP money on unauthorized personal expenses, signing multiple check made out to his wife and others. He used $8,207 to purchase a 2013 Volkswagen Tiguan, and $14,692 to purchase a 2016 Volkswagen Tiguan.

16. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

17. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: NOV. 17, 2022    By: _____
Russell L. Carlberg
Assistant United States Attorney

4

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, KIANOOSH JAFARI, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
KIANOOSH JAFARI

I am Peter Goldman, defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Peter Goldman, Esq.
Attorney for Kianoosh Jafari