IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cr-00197 (RDA) |
| ) | |
| KIANOOSH JAFARI, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Kianoosh Jafari's ("Defendant") Letter Motion for Early Termination of Supervised Release. Dkt. 365. This Court has dispensed with oral argument as it would not aid in the decisional process. This matter is ripe for disposition. Considering the Motion, it is hereby ORDERED that Defendant's Motion is DENIED for the reasons that follow.

I.   BACKGROUND

From on or about May 14, 2020, through at least August 26, 2020, Defendant knowingly submitted, or caused to be submitted, to the U.S. Small Business Administration ("SBA") various financial institutions false and fraudulent information to obtain Paycheck Protection Program ("PPP") loans for two entities: Kia Construction, LLC and Tooth Fary, LLC. Dkt. 7 ¶¶ 1, 4. Despite Kia Construction having no annual sales or employees, Defendant knowingly misrepresented that it had 3 employees, an average monthly payroll of $24,999, and annual sales revenue of $750,000. *Id.* ¶¶ 6-7. After receiving the PPP loans, Defendant spent the money on unauthorized personal purchases for himself and other members of his family, including a down payment on a vehicle and repairs to his home swimming pool. *Id.* ¶ 10. Concerning Tooth Fary,

1

LLC, Defendant knowingly misrepresented that the business had three employees, an average annual payroll of $24,999, and annual sales revenue of $750,000. *Id.* ¶ 12. After receiving funds, Defendant similarly spent them on unauthorized personal expenses including several vehicles. *Id.* ¶ 15. In total, Defendant fraudulently obtained $124,988 as a result of his actions.

On November 11, 2022, Defendant plead guilty to a single count of Making False Statements on Loan Applications in violation of 18 U.S.C. § 1014. Subsequently, on September 20, 2023, Petitioner was sentenced to two months of incarceration to be followed by two years of supervised release. Dkt. 34. This well below the applicable Guideline Range of 8 to 14 months. Dkt. 35.

Defendant began serving his term of supervisory release on November 20, 2023, with a supervisory release period of 2 years. Dkt. 48. On January 15, 2024, Defendant filed the instant Motion requesting that his term of supervised release by terminated early. *Id.*

## II. STANDARD OF REVIEW

As a general matter, pursuant to 18 U.S.C. § 3583(e), this Court has the authority to terminate, extend, revoke, and modify a previously imposed term of supervised release. Defendant bears the burden of demonstrating that early termination of supervised release is warranted. *See e.g.*, *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006); *United States v. O'Hara*, Case No. 00-cr-170, 2011 WL 4356322 at *3 (E.D. Wis. 2011); *United States v. Dilullio*, 2011 WL 665623 at *2 (E.D. Pa. Feb. 23, 2011). Consistent with statutory requirements, Defendant has served more than one year of his supervision term and therefore may be considered for early termination. 18 U.S.C. § 3583(e)(1).

In determining whether early termination of supervised release is appropriate, the Court must first consider the following factors set forth in 18 U.S.C. § 3553(a): (1) "the nature and

circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment . . .;" (3) "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;" (4) "any pertinent policy statement . . .;" (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (6) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). Second, the Court must consider whether early termination is "warranted by the conduct of the defendant." 18 U.S.C. § 3583(e)(1). Third, the Court must consider whether early termination is in "the interest of justice." *Id.*

## III. ANALYSIS

Defendant moves this Court to terminate his remaining term of supervised release. Dkt. 48. For the following reasons, the Court finds that early termination of Defendant's supervised release is not appropriate at this juncture.

In support of his Motion, Defendant argues that early termination is warranted here due to his full compliance with the conditions of his supervised release. *Id.* Courts routinely reject this as a basis for supervised release. *See Smith v. United States*, 2023 WL 8586680, at *7 (E.D. Va. Dec. 11, 2023) (holding that "compliance with the terms of supervised release is not itself sufficient to warrant termination"); *United States v. Zilevu*, 2024 WL 287698, at *2 (E.D. Va. Jan. 25, 2024). Importantly, "[e]ven model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *Smith*, 2023 WL 8586680 (quotations and citation

3

omitted). Defendant's other bases for early termination are made in conclusory terms. Defendant repeatedly asserts that he has demonstrated personal growth and rehabilitation but provides no further explanation for such assertions. Defendant also suggests that terminating probation would permit Defendant to rebuild his life without restrictions but identifies no restriction impeding his introduction to society.

Turning to the Section 3553(a) factors, Defendant's false statements in pursuit of PPP loans were based purely on greed. Defendant made a good living through his various business ventures and was not under any type of financial duress when he committed the instant offense. He simply wanted more–as demonstrated by his repeated use of the fraudulently obtained loans for purely personal expenditures. Furthermore, early termination would not provide adequate deterrence to Defendant or others. Although Defendant's guideline range was eight to fourteen months of incarceration, the Court considered Defendant's individual circumstances and varied downwards to a two months incarceral sentence. To counterbalance this below-guidelines sentence, the Court imposed a two-year term of supervise release. Terminating Defendant's term of supervision early, where the term of supervised release was such a significant part of his sentence, would undermine both general and specific deterrence. While the Court acknowledges that Defendant does not have a criminal record beyond the instant offense and has satisfied his restitution requirements, the Court finds that the nature and circumstances of Defendant's offense and the need for deterrence strongly militate against early termination. Moreover, a further varying Defendant's sentence by terminating his supervised release could create unwarranted disparities between Defendant and others who engaged in similar conduct.

It bears repeating that Defendant's compliance with the full terms of supervised release is what this Court expected when imposing a sentence, and as such, this Court cannot afford

4

significant weight to Defendant having done what he is required to do to maintain his freedom. Additionally, while it is commendable that Defendant believes he has demonstrated personal growth, these facts do not *ipso facto* justify early termination. At best, they suggest that Defendant will continue to be compliant with his conditions of supervised release and will not reoffend. In sum, the Court finds that the Section 3553(a) factors and the interests of justice do not weigh in favor of terminating his term of supervised release. Defendant has already received extraordinary grace in the variance sentence that he received, and the term of supervised release imposed is necessary to provide deterrence, to provide just punishment, to avoid unwarranted disparities, to protect the public, and to adequately take into account the nature and circumstances of the offense and of Defendant.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby ORDERED that Defendant's Motion (Dkt. 48) is DENIED.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Defendant, who is proceeding *pro se*, and the counsel of record for the Government.

If Defendant wishes to appeal this decision, he must file a written Notice of Appeal with the Clerk within fourteen (14) days of receipt of this Order. Failure to file a timely Notice of Appeal waives the right to appeal.

It is SO ORDERED.

Alexandria, Virginia
March 28, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge